Pennington J.
There is so much obscurity in the re-cord of the justice that it is difficult to collect from it the transactions in the court below, with satisfactory precision. So far as it respects the reasons relied on for the reversal of this judgment, it appears that the action was brought by Cooper on a note given by Houston for a balance agreed on in the exchange of horses, and that the defence set up was that the defendant below, Houston, was under age, at the time of the contract; that the justice over-ruled the evidence offered of a memorandum made by the father of Houston, of the age of Houston, because the town record was not pro-duced; what the town record in this respect means, is hard to tell; whether the significant marks made by the midwife on the ceiling of her room or the shelves of her cupboard, or the christening register some times kept by the parson of the parish, is immaterial. The law knows of no town records of births. The infancy however of the defendant was proved by witnesses, and then the justice admitted evidence to prove that about the time the defendant made this contract, he traded at times for himself, although his father had forbid him. The admission of this testimony [*] was unquestion-ably erroneous. That an infant undertakes to trade for himself does not . cure the incapacity of his infancy. It is the real or supposed incapacity of mind in the infant, to make judicious contracts, that the law renders invalid his bar-gains, and the more contracts he makes the more danger of injury and ruin to himself, which the law is intended to guard against; and if any dealings require judgment and discretion, it is that of exchanging horses. I am clearly of opinion that this judgment be reversed.
The Cnizir J17sTIcj~ and RUssELL, L-Were of the same opinion.
J~udgrn~nt reverscL